1  Floyd W. Bybee, #012651
   BYBEE LAW CENTER, PLC
2  4445 E. Holmes Avenue
   Suite 107
3  Mesa, AZ 85206-3398
   Office: (480) 756-8822
4  Fax: (480) 302-4186
   floyd@bybeelaw.com
5
   Attorney for Plaintiff
6

7

8              UNITED STATES DISTRICT COURT

9                 DISTRICT OF ARIZONA

10  _____
                                      )
11  Lucia DanTaylor-King;             )      No.
                                      )
12                                    )
                                      )
13         Plaintiff,                 )
                                      )
14  v.                                )      COMPLAINT
                                      )
15  P&B Capital Group, LLC;           )
    1ST National Recovery Solutions,  )
16  LLC; and Robert Powers;           )
                                      )
17         Defendants.                )      (Jury Trial Demanded)
                                      )
18  _____ )

19                I.  Preliminary Statement

20  1.     Plaintiff brings this action for damages based upon Defendants'

21         violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et

22         seq. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory

23         damages, actual damages, court costs and attorney's fees.

24              II.  Statutory Structure of FDCPA

25  2.     Congress passed the FDCPA to eliminate abusive debt collection

1    practices by debt collectors, to insure that those debt collectors who

2    refrain from using abusive debt collection practices are not

3    competitively disadvantaged, and to promote consistent state action to

4    protect consumers against debt collection abuses. FDCPA § 1692.

5    3.   The FDCPA is designed to protect consumers who have been

6         victimized by unscrupulous debt collectors regardless of whether a

7         valid debt exists.  Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th

8         Cir. 1982).

9    4.   The FDCPA defines a "consumer" as any natural person obligated or

10        allegedly obligated to pay any debt.  FDCPA § 1692a(3).

11   5.   The FDCPA defines "debt" as any obligation or alleged obligation of a

12        consumer to pay money arising out of a transaction in which the

13        money, property, insurance, or services which are the subject or the

14        transaction are primarily for personal, family, or household purposes.

15        FDCPA § 1692a(5).

16   6.   The FDCPA defines "debt collector' as  any person who uses any

17        instrumentality of interstate commerce or the mails in any business

18        the principal purpose of which is the collection  of any debts, or who

19        regularly collects or attempts to collect, directly or indirectly, debts

20        owed or due or asserted to be owed or due to another.  FDCPA §

21        1692a(6).

22   7.   Any debt collector who fails to comply with the provisions of the

23        FDCPA is liable for any actual damage sustained; statutory damages

24        up to $1,000; attorney's fees as determined by the Court and costs of

25        the action. FDCPA § 1692k.

### III.  JURISDICTION

8.    Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.  PARTIES

9.    Plaintiff is an individual residing in Maricopa County, Arizona.

10.   Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).

11.   Defendant P&B Capital Group, LLC ("P&B") is a New York limited liability company that has registered with the Arizona Corporation Commission.

12.   P&B is not licensed as a collection agency by the Arizona Department of Financial Institutions.

13.   P&B collects or attempts to collect debts owed or asserted to be owed or due another.

14.   In the alternative, P&B collects or attempts to collect debts it has purchased after default.

15.   P&B is a "debt collector" as that term is defined by FDCPA § 1692a(6).

16.   Defendant 1ST National Recovery Solutions, LLC ("1ST National") is a New York limited liability company that has registered with the Arizona Corporation Commission.

17.   1ST National is not licensed as a collection agency by the Arizona Department of Financial Institutions.

18.   1ST National collects or attempts to collect debts it has purchased

1  after default.

2  19.  1ST National is a "debt collector" as that term is defined by FDCPA §

3  1692a(6).

4  20.  Defendant Robert Powers ("Powers") is a resident of the state of New

5  York.

6  21.  Powers is employed by P&B as a debt collector.

7  22.  Powers regularly collects or attempts to collect debts owed or asserted

8  to be owed or due another.

9  23.  Powers is a "debt collector" as that term is defined by FDCPA §

10  1692a(6).

11  24.  At all times relevant herein, Powers was acting on behalf of and with

12  full authority from P&B.

13  25.  P&B is liable to Plaintiff for Powers' actions.

14  26.  At all times relevant herein, P&B was acting on behalf of and as agent

15  for 1ST National.

16  27.  1ST National is liable for the actions of P&B taken on its behalf as set

17  forth herein.

18  V.  FACTUAL ALLEGATIONS

19  28.  Prior to 2008, Plaintiff opened a credit card account with Washington

20  Mutual Bank which was used for personal, family and household

21  purposes.

22  29.  Plaintiff subsequently defaulted on the Washington Mutual account.

23  30.  After default, 1ST National allegedly purchased the Washington

24  Mutual debt.

25  31.  On March 19, 2009, 1ST National filed suit against Plaintiff in an

- 4 -

1      attempt to collect the Washington Mutual debt.

2  32.  While the suit was pending, Plaintiff received an unsolicited affidavit

3      from Chase Bank who previously had acquired Washington Mutual

4      Bank. (A copy of the affidavit is attached hereto as Exhibit A).

5  33.  In paragraph 2 of Exhibit A, Chase states that Plaintiff's account with

6      Chase, which originated with Washington Mutual, was sold and

7      transferred to LP Investments on March 9, 2009.

8  34.  Chase also states in paragraph 3 of Exhibit A that "LP Investments is

9      now the owner of said account, and authorized to collect, settle, adjust,

10     compromise and satisfy the same and that Chase Bank USA, N.A. has

11     no further interest in said account for any purpose."

12 35.  On November 5, 2009, Plaintiff and 1ST National entered into a

13     settlement agreement which included a release all claims between

14     them.

15 36.  In the settlement agreement, 1ST National also represented that it

16     had not assigned or transferred the Washington Mutual account to any

17     person or entity, and that it will not assign or transfer the Account to

18     any person or entity.

19 37.  As part of the settlement, the 1ST National lawsuit was dismissed

20     with prejudice by court order dated November 13, 2009.

21 38.  Prior to the settlement with 1ST National, on or about October 21,

22     2009, P&B had mailed or caused to be mailed a letter to Plaintiff

23     concerning the Washington Mutual debt. (A copy of this letter is

24     attached hereto as Exhibit B).

25 39.  Exhibit B is the first communication from P&B to Plaintiff concerning

1    the alleged debt.

2    40.   In Exhibit B, P&B stated that the balance due on the alleged debt was

3          $16,221.16.

4    41.   P&B failed to state in its initial written communication to Plaintiff the

5          amount of the debt allegedly owed as of the date of the letter as

6          required by FDCPA § 1692g(a)(1).

7    42.   P&B also failed to state in its initial written communication to

8          Plaintiff that the amount of the debt might vary from day to day

9          because of, for example, interest, late charges, or other charges.

10   43.   P&B failed to notify Plaintiff in its initial written communication of

11         her right to obtain an up to date amount of the debt allegedly due.

12   44.   The case of Miller v. McCalla, 241 F.3d 872 (7th Cir. 2000), sets forth

13         "[t]he debt collectors duty to state the amount of the debt in cases like

14         this where the amount varies from day to day." Id. at 876.

15   45.   P&B failed to comply with that duty.

16   46.   On December 9, 2009, P&B's collector, Powers telephoned Plaintiff and

17         left a voice message which states: "this is a final attempt to contact

18         Lucia DanTaylor - King.  This is Robert Powers with the office of P and

19         B.  Ms. King, you or your attorney should contact this office no later

20         than Friday December 11th if you have any final intentions of coming

21         to a voluntary resolution to this matter."

22   47.   Plaintiff listened to the voice message during her lunch break that day,

23         and returned the call to Powers.

24   48.   During the call, Powers confirmed his identity and told Plaintiff that

25         he was calling about of $16,000 debt that his office was trying to

1    collect.

2    49.   Powers also told Plaintiff during this phone call that the debt was

3          owed to Chase Bank, and the Chase sold the account to 1ST National,

4          and that 1ST National had sold the account to P&B.

5    50.   During the call, Powers told Plaintiff that if she did not pay the debt,

6          he would file charges against her.

7    51.   During the call, Plaintiff repeatedly tried to tell Powers that he needed

8          to contact her attorney concerning the debt, which requests were

9          ignored.

10   52.   Towards the end of the conversation, Powers finally asked "Well, who

11         is your attorney?"

12   53.   After giving Mr. Powers her attorney's name and contact information,

13         Powers threatened Plaintiff stating "Good luck!  You are going to need

14         it."

15   54.   Plaintiff was upset and crying by the end of the conversation with

16         Powers.

17   55.   Plaintiff immediately telephoned her attorney concerning the call she

18         had had with Powers.

19   56.   Plaintiff's attorney called Powers and informed him that he

20         represented Plaintiff and that there were to be no more calls to

21         Plaintiff.

22   57.   Plaintiff's attorney also faxed a letter to P&B on December 9, 2009

23         confirming his representation of Plaintiff concerning the debt.

24   58.   That same day, P&B faxed a letter to Plaintiff in care of her attorney

25         concerning the Washington Mutual debt.  (A copy of this letter is

1     attached hereto as Exhibit C).

2     59.    In Exhibit C, P&B and Powers state that:

3                 We have received your Washington Mutual account
                   for immediate collection of the balance in full.

4

5                  Please contact this office immediately so that
                   arrangements may be made and any further action
                   may be stopped . . . ."

6

7     60.    1ST National is liable for P&B's illegal collection activities which

8     occurred subsequent to the November 5, 2009 settlement with

9     Plaintiff.

10    61.    Defendants' actions as set forth herein were intentional, willful, and in

11    gross or reckless disregard of Plaintiff's rights and part of their

12    persistent and routine practice of debt collection.

13    62.    In the alternative, Defendants' actions were negligent.

14                         VI.  Causes of Action

15                   a.  Fair Debt Collection Practices Act

16    63.    Plaintiff repeats, realleges, and incorporates by reference the foregoing

17    paragraphs.

18    64.    Defendants' violations of the FDCPA include, but are not necessarily

19    limited to, 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, and 1692e(2)(A),

20    1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g.

21                    VII.  DEMAND FOR JURY TRIAL

22    Plaintiff hereby demands a jury trial on all issues so triable.

23                    VIII.  PRAYER FOR RELIEF

24    WHEREFORE, Plaintiff requests that judgment be entered against

25    Defendants for:

1      a)     Statutory damages of $1,000 against each Defendant pursuant to

2              FDCPA § 1692k;

3      b)     Actual damages in an amount to be determined at trial;

4      c)     Costs and reasonable attorney's fees pursuant to §1692k; and

5      d)     Such other relief as may be just and proper.

7      DATED   January 27, 2010   .

9                                s/ Floyd W. Bybee

10                            Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff